# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

<table>
<tr><td>

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

</td><td>

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

</td></tr>
</table>

July 16, 2026

**VIA ECF**

Hon. Steven L. Tiscione
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:  ***Aquino et al v. Louie's Restaurant Operating LLC et al,***
> **25-cv-03183 (ST)**

Dear Judge Tiscione:

We represent Plaintiffs and Rule 23 Class in the above-referenced matter.  We write to respectfully inform the Court that while earlier today Defendants did produce what they purport to be the "class list," that list is severely inaccurate and unusable as described below.  The deadline for Defendants to produce the class list was a month ago (June 16, 2026) and Defendants have still not produced an accurate list that comports with the terms of the parties' settlement agreement. Accordingly, we respectfully request that the Court hold a conference to discuss this matter to ensure that the parties can speedily and efficiently administer this settlement.

By way of background, pursuant to § 2.5 of the settlement agreement, "[w]ithin ten (10) business days after entry of the Preliminary Approval Order, Defendants shall provide the Claims Administrator, and Class Counsel the Class List in Excel format […]." ECF No. 36-1 pg. 10.[1] Class Members are defined as the "Named Plaintiffs and all individuals who are or were employed by Defendant in Covered Positions at the Restaurant during the Relevant Time Period. *Id*. at § 1.5. "Covered Positions" means "all tipped food-service employees, including captains, servers, bussers, runners, and bartenders, who worked at the Restaurant during the Relevant Time Period." *Id*. at § 1.10. The "Relevant Time Period" is March 6, 2022 to December 31, 2025. *Id*. at § 1.30.

The Class List Defendants produced today contains numerous gross errors, which are easily discoverable based on documents and information Defendants previously produced.  By way of example, the list is a sham for, *inter alia*, the following reasons:

---

[1] Capitalized terms in this letter track the definitions of capitalized terms in the parties' Settlement Agreement.

- Prior to mediation, Defendants identified 166 class members. The list they produced today includes 533 alleged class members (*i.e.*, *triple* the size).

- According to the class list, the 533 alleged class members worked 1,384,839.93 hours during the Relevant Time Period. However, based on the complete payroll records that Defendants produced for 2022 to 2024, and extrapolating from those numbers for 2025, Plaintiffs calculated prior to mediation that class members worked approximately 210,000 hours.

- The class list includes individuals identified in Defendants' payroll records as management and kitchen staff, even though the settlement agreement defines class members as "tipped food service employees."

- Defendants included 38 entries for alleged class members that do not include any names.

It bears emphasizing that if the size of the class is 533 individuals and those individuals worked more hours at the tip credit than Plaintiffs were informed of prior to the mediation, then Defendants face far more exposure than what the parties negotiated based off in reaching a settlement. Moreover, to the extent Defendants include individuals in the class list who are not covered by the definition of "Class Members," Defendants would be unfairly seeking to dilute the recovery of actual class members and to also get releases from individual who are not part of the settlement.

In short, Defendants have caused and are causing unnecessary delay on what should be a simple and straightforward matter. Moreover, the obvious errors in the list produced today raise serious questions about what process Defendants and/or their counsel used in preparing the list in its current format. Accordingly, for all the reasons outlined above, Plaintiffs respectfully request a conference with the Court to ensure the settlement can be properly administered.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640

cc: All counsel of record (via ECF)

2