JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

August 4, 2026

**VIA ECF**

Hon. Steven L. Tiscione
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: *Aquino et al v. Louie's Restaurant Operating LLC et al,***
**25-cv-03183 (ST)**

Dear Judge Tiscione:

We represent the Plaintiffs and the Class in the above-referenced action. On July 27, 2026, the Court Ordered Defendants to produce an accurate class list by August 3, 2026 or face monetary sanctions. (Dkt. No. 42.) Defendants produced a purported class list on August 3. However, as discussed below, it is grossly inaccurate. Accordingly, we respectfully request that the Court sanction Defendants by imposing a daily coercive sanction until an accurate list is produced and order Defendants to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in addressing Defendants' deficient class list.

Yesterday, Defendants produced an updated class list consisting of 291 people. While the class composition appears to be reasonably accurate,[1] the hours worked are wildly inaccurate. As the settlement will be allocated based on hours worked, this is a critical deficiency. The overall issue with the hours is readily discernable by totaling all class members' hours. The class period runs from March 6, 2022 to December 31, 2025, but the restaurant was closed from October 2024 to June 2025, so the class period covers approximately 38 months of operation. According to the class list, the class members worked a total of 586,156.57 hours during the class period.[2] Not only is 586,156.57 hours worked in that time period absurd on its face, but Plaintiffs' damage calculation, which was based on complete payroll records from 2022 to 2024 and an extrapolation

[1] The only class member issue we have identified as of this writing is a class member named Santos Gomez, whose position Defendants list as busser and kitchen. Based on our review of the pay records, we believe that Defendants had two employees named Santos Gomez, one of whom was a busser and the other who worked in the kitchen. In any event, if there was just one employee named Santos Gomez, only his time worked as a busser should be included on the class list.

[2] The portion of the class list showing class members' positions, "estimated" hours worked, and dates of employment is attached hereto as **Exhibit 13**. At the bottom of Exhibit 13 I inserted the sum of all class members' hours.

from those records for 2025, determined that the class members actually worked approximately 210,000 hours. Moreover, according to the year-to-date information in the last payroll register of 2024, which is attached hereto as **Exhibit 1**, Defendants' entire staff, including both class members and non-class members, worked 88,943.81[3] hours in 2024. Thus, it is inconceivable that class members worked over 580,000 hours in 38 months. Given that the total hours on the class list are easily calculable by using the sum function in Excel, it appears that neither Defendants nor their counsel performed this simple cross check before sending us the class list, even though the August 3 Order directed Defendants' counsel to review the list.

A spot check of the data in the class list easily reveals individual errors. A spreadsheet showing the hours listed on the class list for seven people and their hours in Defendants' payroll records is attached hereto as **Exhibit 2**. The payroll records used for comparison are attached as **Exhibits 3-9**.[4] While the class list claims these seven people worked 22,394.29 hours, the payroll records show just that they worked just 2,742.55 hours. There are also discrepancies between these seven class members' dates of employment on the class list and as reflected in payroll. This is significant because, as discussed below, it appears that for some class members Defendants determined their hours based on weeks worked rather than by compiling their actual hours worked.

Defendants appear to have simply made up the hours for many class members. Notably, they have titled the hours column in the class list "Est. total hours." 25 class members' "estimated total hours" are their weeks worked, based on their (likely inaccurate) dates of employment on the class list, times 40. A spreadsheet showing this data is attached hereto as **Exhibit 10**. This is inexcusable, as there are pay records showing these individuals' hours. We have identified at least one class member – Darwin Luna, *see* Exs. 2 & 7 – whose listed dates of employment are incorrect, further exacerbating the error. The class list also contains suspicious duplicates of hours worked, which are compiled in the spreadsheet attached at **Exhibit 11**. For example, according to the class list 10 people each worked 7,931.43 hours between March 14, 2022 and December 31, 2024 or December 31, 2025.

In addition, when class members' total hours are compared to the dates of employment in the class list, 141 class members average out to more than 2,000 hours per year, and 16 class members average out to more than 11,000 hours per year. A spreadsheet showing this data and the averages is attached hereto as **Exhibit 12**.

Finally, it bears noting that Defendants were required to include class members' email addresses or phone numbers in the class list, to the extent they have them. The class list does not include either email addresses or phone numbers for 151 members, more than half the class. It is simply not believable that Defendants do not have phone numbers for more than half of their front of house employees.

In short, the class list as it stands now is unusable. The production of an accurate class list is now so severely overdue that the fairness hearing will have to be rescheduled. Defendants are also in violation of the Court's July 27, 2026. As such, the Court should hold Defendants in

[3] This figure excludes the spread of hours total listed on the payroll register.

[4] Exhibits 3 through 9 are payroll records for, respectively, Brittany Chappas, Daniel Delaura, Freddy Escobar, Javier Lara, Darwin Lara, Brian Pohorecky, and Milton Rodriguez.

contempt and impose appropriate sanctions. A court may hold a party in civil contempt under its inherent authority where "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted). As set forth above, each of those factors is clearly satisfied. Moreover, in its July 27, 2026 Order, the Court warned Defendants that they would be sanctioned if they failed to produce an accurate class list by August 3. (Dkt. No. 42.) Accordingly, we respectfully request that the Court impose a daily coercive sanction on Defendants until they produce an accurate class list and require Defendants to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in addressing the deficient list.[5] *E.g.*, *Chase Bank U.S. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275, 2019 U.S. Dist. LEXIS 239672, at *11 (S.D.N.Y. Aug. 16, 2019). In addition, as we currently have relevant payroll records from 2022 to 2024 only, we further request that Defendants be ordered to produce all class members' 2025 payroll records to Plaintiffs' counsel so that we can cross check any 2025 data in the updated class list.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)

[5] If the Court grants this request, we will submit a fee application at the conclusion of proceedings regarding the class list.