**GRSM50**
**GORDON REES SCULLY MANSUKHANI**
YOUR 50 STATE LAW FIRM™

**FRANCIS J. GIAMBALVO**
fgiambalvo@grsm.com

**TALYSIA FRANCIS**
tfrancis@grsm.com

1 Battery Park Plaza, 28th Floor
New York, NY 10004
www.grsm.com

August 11, 2026

**VIA ECF**
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722

Re: *Aquino, et al. v. Louie's Restaurant Operating LLC, et al.*
Case No. 2:25-CV-03183 (ST)

Dear Judge Tiscione:

We represent defendants Louie's Restaurant Operating LLC, d/b/a Louie's Prime Steak and Seafood, and Gennaro Joseph Sbarro ("Defendants") in this matter. Defendants respectfully submit this letter in opposition to Plaintiffs' August 4 letter motion for sanctions (ECF No. 44).

On July 16, 2026, Plaintiffs filed a motion to expedite the settlement administration process. Plaintiffs' main contention in the motion was that the list produced by Defendants included 533 class members, which Plaintiffs contended was far more than anticipated based on the parties' settlement discussions prior to and during mediation.

On July 27, 2026, a hearing was held on Plaintiffs' motion to expedite the settlement. During the hearing, Defendants' counsel acknowledged that the list included employees who did not meet the class definition. Defendants' counsel further proposed to further review the list with its client and provide an updated list removing any employees improperly included in the list within one week. The Court accordingly granted Plaintiff's motion to expedite the settlement administration process ("Order"). (ECF No. 42). Pursuant to the Order, Defendants were directed to produce the corrected class list no later than August 3, 2026. The Order further states that defense counsel must review the list prior to disclosure to make sure it "**correctly identifies only members that meet the class definition**." *Id.*

From July 27 through August 3, Defendants' counsel prioritized reviewing available payroll records and consulting with its client to ensure that the individuals on the class list met the class definition in accordance with the Order, i.e. that only those employees subject to the tip credit or in a tipped position were included on the list. On August 3, 2026, Defendants' counsel provided an updated class list to Plaintiffs' counsel via email. Defendants' counsel also provided Plaintiffs' counsel with a list of 16 additional tipped employees identified as potential class members pursuant to the class definition in the parties' settlement agreement. Defendants' counsel also placed Plaintiffs' counsel on clear notice that it would be promptly supplementing and modifying the list.

Despite Defendants' compliance with the Order, Plaintiffs nonetheless filed the instant motion for sanctions on August 4, 2026("Plaintiff's Motion"). (ECF No. 43). In Plaintiffs' Motion, Plaintiffs concede that the "class composition appears to be reasonably accurate," only identifying one employee whose inclusion on the list may be objectionable when that employee's inclusion on the list is proper.[1] Plaintiffs' primary concerns with the list were (1) inaccuracies in the hours worked by certain class members and (2) missing phone numbers and emails for some class members.

The hours worked and contact information were secondary issues that were not part of the Order, which called for Defendants to produce a list that correctly identified only members that meet the class definition. Defendants did just that, as every employee on the list is correctly identified on the list as part of the putative settlement class.

As to the phone numbers and emails, pursuant to Section 1.7 of the Settlement Agreement, "the Class Member List or Class List shall mean a list of all Class Members identified by….(iii) last known email address(es) (**to the extent Defendants or their owners/agents possess this information)**; (iv) last known telephone number(s) (**to the extent to the extent Defendants or their owners/agents possess this information**)…[and] (vii) hours worked in a covered position at the Restaurant during the Relevant Time Period." Defendants provided email addresses for more than half of the employees on the list and Defendants exercised due diligence in searching for additional contact information for class members on the list for whom there was no telephone number or email. The list prepared by Defendants contains all contact information for the putative class members under the terms of the settlement agreement within their control, custody and/or possession, including the last known mailing address for each class member.

As to the hours worked, upon receipt of Plaintiffs' Motion, any inaccuracies were based on a misunderstanding between Defendants' counsel and Defendants. Nonetheless, Defendants' counsel immediately conducted a thorough review of all available payroll records and consulted with its client to make any necessary corrections to the hours worked. Defendants have done so and prepared a list that more accurately reflects the estimated hours worked based on information in Defendants' control, custody and/or possession.

On August 11, 2026, Defendants' counsel provided Plaintiffs' counsel with an updated class list with corrections to the hours worked to the extent necessary and additional contact information for the putative class. Defendants' counsel also provided Plaintiffs' counsel with 2025 payroll records for the class members. Defendants complied and continue to comply with the Order.

Contrary to the assertions made in Plaintiff's Motion, Defendants did not clearly and unambiguously violate the Order when they provided an updated class list that correctly identified employees that fit the class definition based on information available to them; indeed, Defendants provided that class list with the information explicitly required in the Order by the deadline in the

---

[1] The employee in question, Santos Gomez, worked 7,041.70 hours over multiple years of employment in a tipped position with Louie's during the relevant period of the class settlement. His inclusion on the class list is proper.

Order. Consistent with their representation made when the list was provided, Defendants provided a further updated list to include any contact information for class members it recently located in its control, custody and/or possession. Defendants also promptly updated the list within a matter of days to better reflect the estimated hours worked by each class member. There is nothing in the record to suggest that the delay in updating the hours worked by each class member, which was not explicitly required or even referenced in the Order, reflects willful defiance, bad faith, or deliberate obstruction of the class action process. Courts have declined to issue sanctions in similar circumstances under Rule 16(f) with respect to alleged violations of court orders. *See, e.g., Hicks v. Client Servs., Inc.*, Civil Action No. 07-cv-61822 (RSR), 2009 WL 10667497 at *2-4 (S.D. Fl. Feb. 11, 2009) (declining to impose sanctions under Rule 16(f) against defendant for failing to provide accurate class list by deadline where defendant attempted to comply with court order by producing list by deadline and subsequent revisions within days thereafter; "the [c]ourt finds that [d]efendant was substantially justified in its position that it was in compliance with the [c]ourt's [o]rder requiring disclosure of the class list"); *see also*, *Hart v. Blanchette*, No. 13-cv-6458 (CJS), 2019 WL 1416632 (W.D.N.Y. Mar. 19, 2019) (declining to impose sanctions for an initial inaccurate class list where defendant, through counsel, acted with sufficient diligence, within 12 days, to correct the class list once problems were identified). Plaintiffs' request for counsel fees should also be denied. Plaintiff relies on *Chase Bank U.S. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275, 2019 U.S. Dist. LEXIS 239672, at *11 (S.D.N.Y. Aug. 16, 2019) for the proposition that Defendants should be required to pay to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in addressing the deficient list. *Chase Bank* is inapposite. In *Chase Bank*, the court held a law firm in contempt for repeatedly refusing to comply with multiple prior orders regarding a subpoena with a request for certain documents. In that case, the non-movant did absolutely nothing to comply with the subpoena. Here, Defendants complied with the Order and supplemented the class list within days of the Order with information that it previously noted would be sent to Plaintiffs' counsel.

Sanctions are not appropriate because Defendants complied with the Order and have provided supplemental information to update the class list to include all information required therein. Since the list has been provided, Plaintiff's motion is thus moot and should be denied.

Defendants also request a conference with the court to discuss Plaintiffs' Motion and the rescheduling of the fairness hearing to the extent required.

We thank the Court for its consideration of this correspondence.

Respectfully submitted,
GORDON REES SCULLY MANSUKHANI, LLP

*/s/Francis J. Giambalvo*
Francis J. Giambalvo

CC: All counsel of record (via ECF)